Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000420
18-APR-2019
07:58 AM

NO. CAAP-18-0000420

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WELDEN MANUEL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 17-1-1456)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Welden Manuel (**Manuel**) appeals from the Judgment of Conviction and Sentence (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] on May 3, 2018.  Manuel was convicted by a jury of Assault in the Second Degree.  He contends that the Circuit Court committed plain error by failing to instruct the jury on second-degree reckless endangering as a lesser included offense.  For the reasons explained below, we affirm the Judgment.

I.

On October 16, 2017, Manuel was charged by information with Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(d) (2014)[2] for allegedly stabbing

---

[1]  The Honorable Karen T. Nakasone presided.

[2]  HRS § 707-711 provides, in relevant part:

>  (1)  A person commits the offense of assault in the second degree if:
>
>  . . . .
>
>  (d)  The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

Lianel Dison (**Dison**).  Jury trial began on February 27, 2018.  The State called Dison and several police officers as witnesses.

Dison was the only witness who testified about what happened.  On October 13, 2017, he was a crew member on the Kaimi, a long-line fishing boat.  At 8:00 p.m. he was walking to the boat, which was docked at pier 36 of Honolulu Harbor.  The boat was supposed to leave the harbor that night.  Dison saw Manuel on the pier.  They were close friends, having worked together on different fishing boats.  Manuel was riding a bicycle.  Manuel called Dison over, saying he wanted to talk.  There was no one else on the pier.  Dison smelled alcohol on Manuel.  Manuel was slurring his words; his eyes were red and bloodshot.  Dison testified:

> Q      So you go over to [Manuel].  What does he say when you meet with him?
>
> A      He asked me why did I do that.  And I ask him, "Did what?"  And after that I don't know what he even -- what he even said so I turned around and I told him that I have to leave that night.
>
> Q      Okay. So when he asked you, um, why did you do that, did you know what he was talking about?
>
> A      No.
>
> . . . .
>
> Q      As you were walking away or tried to walk away, what happened?
>
> A      He hit me in the head.
>
> . . . .
>
> Q      What did you do after the defendant hit you in the back of the head?
>
> A      Turned around and tell him, "What" -- like "What's going on?"
>
> Q      Was that your exact words?
>
> A      Yeah.
>
> Q      So you turned around.  What do you see [Manuel] do?
>
> A      Turned around.  I saw he flipped a knife open.
>
> Q      How far away are you from [Manuel] at this point?
>
> A      Like two feet.

. . . .

> Q     What did he do after that?
>
> A     He just went straight and stabbed me.

Dison was stabbed on the left side of his chest. Manuel said, "That's what you get." Manuel got on the bicycle and began riding away. Dison ran after him and grabbed the bicycle. Manuel tried to stab Dison again. Dison blocked the knife and was sliced on his right arm. Manuel left the bicycle and ran away. Dison did not have the strength to chase after Manuel. The police and an ambulance eventually arrived. Dison was taken to Queen's hospital. A police officer located Manuel at Kewalo Basin at about 11:30 p.m. Another police officer recovered a black folding knife from Manuel's right front pants pocket. The knife had a six-inch handle and a three- or four-inch blade. Photographs of Dison's wounds and Manuel's knife were admitted into evidence. Manuel rested on February 28, 2018, without testifying or calling any other witnesses.

The jury instructions were read on March 1, 2018. In addition to the instruction on second-degree assault, the Circuit Court instructed the jury – over the State's objection – on the lesser included offense of third-degree assault.[3] Neither party requested an instruction on second-degree reckless endangering.[4]

---

[3]     HRS § 707-712 (2014) provides, in relevant part:

>      (1)  A person commits the offense of assault in the third degree if the person:
>
>      (a)    Intentionally, knowingly, or recklessly causes bodily injury to another person; or
>      (b)    Negligently causes bodily injury to another person with a dangerous instrument.

Where there is evidence to support a finding that a defendant's conduct was reckless, third degree assault under HRS § 707-712 (1)(a) is a lesser-included offense of second degree assault under HRS § 707-711 (1)(a). See State v. Ito, 85 Hawaiʻi 44, 45, 936 P.2d 1292, 1293 (App. 1997) (citation omitted).

[4]     HRS § 707-714 (2014) provides, in relevant part:

>      (1)  A person commits the offense of reckless endangering in the second degree if the person:
>
>      (a)    Engages in conduct that recklessly places another person in danger of death or serious bodily injury[.]

3

The jury began deliberating at 2:30 p.m. on March 1, 2018. At 3:48 p.m. that day the jury communicated that it had a verdict. Manuel was found guilty as charged of Assault in the Second Degree. This appeal followed.

## II.

Manuel's sole point on appeal is that the Circuit Court failed to instruct the jury on second-degree reckless endangering as a lesser included offense. Since the instruction was not requested at trial, we review for plain error. Hawai'i Rules of Penal Procedure (**HRPP**) Rule 52(b) (1977). "Under plain error review, if the substantial rights of the defendant are implicated, then the error may be corrected on appeal unless it was harmless beyond a reasonable doubt." State v. Taylor, 130 Hawai'i 196, 222–23, 307 P.3d 1142, 1168–69 (2013) (citation and original quotation marks omitted).

State v. Magbulos, 141 Hawai'i 483, 413 P.3d 387 (App. 2018), cert. rejected, No. SCWC-14-0001337, 2018 WL 3062557 (Haw. June 21, 2018), is dispositive. In that case, the defendant was charged with second-degree murder. The trial court instructed the jury on the lesser included offenses of reckless manslaughter and first-degree assault, but denied the defendant's request to instruct the jury on the lesser included offenses of second-degree assault, third-degree assault, and third-degree assault by mutual affray. The jury deliberated for about an hour and ten minutes before informing the court that it had reached a verdict. The jury found the defendant guilty as charged of second-degree murder. The defendant appealed, contending (among other things) that the trial court erred by denying his request to instruct the jury on the additional lesser included offenses. After discussing the development of this area of the law as reflected in State v. Haanio, 94 Hawai'i 405, 16 P.3d 246 (2001), State v. Flores, 131 Hawai'i 43, 314 P.3d 120 (2013), and State v. Kaeo, 132 Hawai'i 451, 323 P.3d 95 (2014), we held:

> Here, the jury, after being instructed on the lesser
> included offenses of reckless manslaughter and first-degree
> assault, convicted [the defendant] of the charged offense of
> second-degree murder. Thus, unlike in Flores and Kaeo, the

4

> failure of the Circuit Court to instruct on the lower-level assault offenses did not present [the defendant's] jury with an "all or nothing" choice between the guilty verdict it rendered and a "complete acquittal." Instead, the jury had the option of finding [the defendant] guilty of manslaughter or finding him guilty of first-degree assault, but chose to find him guilty as charged of second-degree murder.
>
> Under these circumstances, we need not consider whether there was a rational basis in the evidence to acquit [the defendant] of second-degree murder and convict him of the lower-level assault offenses because we conclude that any error in failing to instruct on the lower-level assault offenses was harmless beyond a reasonable doubt. While the failure to instruct on a lesser included offense just below the offense for which the jury returned a guilty verdict is not automatically harmless error, we conclude that absent unusual circumstances, the failure to instruct on a lesser included offense two levels below the offense for which the defendant is found guilty will ordinarily be harmless.

Magbulos, 141 Hawai'i at 499, 413 P.3d at 403. Similarly, in this case the jury was instructed on second-degree assault and on the lesser included offense of third-degree assault. The jury was not faced with an all or nothing choice between the guilty verdict and a complete acquittal. The jury convicted Manuel on the higher culpability offense; it "strains credulity" to believe that the jury who found Manuel guilty as charged of second-degree assault, despite being instructed on the lesser included offense of third-degree assault, might reasonably have found him guilty of the lower-level reckless endangering offense had it been instructed on that offense. See id. In this case, as in Magbulos, we conclude that there is no reasonable possibility that the Circuit Court's failure to instruct on the lower-level reckless endangering offense affected the outcome of this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## III.

For the foregoing reasons, the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit on May 3, 2018, is affirmed.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge